No. 596

DURBIN v. STATE

Ohio Appeals. 9th District Summit Co.

No. 1119. Decided March 24th, 1926.

1235. VERDICT—On charge of embezzlement of $2000, general verdict of "guilty as charged in the indictment" is insufficient.

2. Verdict must show definitely, the amount found to have been embezzled.

FUNK, J.

Clayton Durbin was indicted fr embezzling $2000. The case was tried to a jury in Summit Common Pleas and a general verdict of guilty was returned, the pertinent part of which reads as follows:

"..........do find that the prisoner at the bar is guily as charged in the indictment."

Durbin prosecuted error to the court of appeals alleging that the verdict of the jury failed to find the amount embezzled. The court of appeals held:

1. When an indictment charges an offence against property by larceny, embezzlement, or obtained by false pretenses, the jury on conviction shall ascertain and declare in their verdict the value of such property. (GC. 13691).

2. The verdict not being in compliance to this section of the Gen. Code, it is insufficient.

Judgment therefor reversed and cause remanded.

Attorneys—Mottinger and Evans for Durbin; G. W. Booth, Pros. Att'y., D. H. Schaffner, Ass't. Pros. Att'y., H. E. Werner, Ass't. Pros. Att'y. for State; all of Akron.

---

No. 597

CROSBY v. GLICK

Ohio Appeals, 6th Dist., Lucas Co.

No. 1663. Decided April 5, 1926

297. CONTRACTS—Where land contract does not specifically provide for interest, it will attach only to past due, unpaid installments.

WILLIAMS, J.

Lester L. Glick entered into an agreement with the Stebbins Co. for the purchase of a certain piece of real property. The agreement called for execution of a land contract according terms of the agreement, said agreement carrying no stipulation for payment of interest on amount remaining unpaid.

After execution of the contract the Stebbins Co. conveyed its interest in premises to Frank A. Crosby. Crosby brought this action in ejectment in Lucas Common Pleas for the reason that Glick refused payment of interest. Glick made tender of amount due under contract and by cross petition asked specific performance. The court refusing to grant ejectment, Crosby appealed. Court of Appeals held:

1. No stipulation for payment of interest is made in contract.

2. Where contract itself does not provide for payment of interest, court will not decree interest on account owing but not due.

3. Under contract entered into only past due installments would bear interest.

Judgment of Common Pleas affirmed.

Attorneys—Stahl & Price for Crosby, Toledo; Geo. A. Meekison for Glick, Napoleon.